IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2167-FL

REINALDO COLON-OLIVERAS,     )
      )
     Petitioner,     )
      )
     v.     )     ORDER
      )
WARDEN FCI BUTNER LOW,     )
      )
     Respondent.     )

Petitioner, a federal inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of this action pursuant to 28 U.S.C. § 2243.

Petitioner challenges the Federal Bureau of Prisons' ("FBOP") decision denying application of First Step Act time credits to his sentence. The FBOP denied petitioner's request due to petitioner's conviction for violating 18 U.S.C. § 924(c), a statute prohibiting possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime. (See DE 1-2 at 12). While petitioner acknowledges that he cannot apply these credits to reduce his sentence for the § 924(c) conviction, see 18 U.S.C. § 3632(d)(4)(D)(xxii), he argues that he is serving a separate sentence for the underlying drug trafficking and money laundering crimes, and that he is eligible for application of the credits to reduce that sentence.

Petitioner's claim is foreclosed by the United States Court of Appeals for the Fourth Circuit's recent decision in Bonnie v. Dunbar, 157 F.4th 610, (4th Cir. 2025). There, the court of appeals held that "[b]ecause Bonnie's multiple-term sentence includes a sentence for a

disqualifying conviction and is, by reason of [18 U.S.C. § 3584(c)], to be treated as a single aggregate sentence, . . . Bonnie is ineligible for [First Step Act] time credits." Id. at 612–13. Petitioner likewise is serving a single aggregate sentence for his three convictions, and where one of them was imposed under § 924(c), he is categorically ineligible for application of the time credits.[1]   See id.

Accordingly, the instant petition is DISMISSED, and a certificate of appealability is DENIED.   The clerk is DIRECTED to close this case.

SO ORDERED, this the 5th day of February, 2026.

LOUISE W. FLANAGAN
United States District Judge

---

[1]   Notwithstanding this decision, the court commends petitioner for his record of achievement in custody and strongly encourages him to continue his work in rehabilitative programs, productive activities, and vocational training courses.

2